CUNDIFF, APPELLANT, *v.* F. W. WOOLWORTH CO., APPELLEE.

(Decided December 12, 1939.)

*Mr. John McIntosh,* for appellant.
*Messrs. Waters, Andress, Wise, Roetzel & Maxon,* for appellee.

STEVENS, J. The parties, by agreement, submitted to the trial court, without the intervention of a jury, the issue of whether the pending action was *res judicata* by reason of a judgment previously entered in another action by the same parties, growing out of the same transaction and involving the same subject-matter.

The trial court determined that issue in favor of defendant and entered judgment accordingly, dismissing plaintiff's petition. Appeal on questions of law has been perfected by plaintiff, appellant herein.

The prior action was one instituted by plaintiff to recover damages claimed to have been suffered from using a cosmetic "creme," sold to her in its original container by defendant. That action sounded in tort, and resulted in a judgment for defendant, which judgment was affirmed by this court upon appeal. No further proceedings in that case were taken.

The present action is the exact counterpart of the first, except that it sounds in contract, being predicated upon a claimed breach of implied warranty.

Did the trial court err in holding that the doctrine of *res judicata* applied in the situation thus presented?

A determination of that question involves a consideration of two propositions: 1. Are the two theories of the case—*i. e., ex contractu* and *ex delicto*—such that, failing in one, a second action may properly be instituted on the other? and 2. Was the former judgment a judgment upon the merits?

The Supreme Court of this state, in *Hixson* v. *Ogg,* 53 Ohio St., 361, 42 N. E., 32, has stated:

"Where issue has been joined on a material fact in an action, and the issue judicially determined and carried into judgment by a court having jurisdiction of the action, the parties to such action are concluded by such finding until the judgment is reversed or set aside. And the fact thus established cannot be retried by the same parties in any subsequent action, whether the second action is upon the same or a different subject-matter from the first. In this respect it is immaterial that one of the actions may have been *ex contractu* and the other *ex delicto.*"

In the case of the *Ohio Fuel Gas Co.* v. *City of Mt. Vernon,* 37 Ohio App., 159, 174 N. E., 260, at page 169, the court stated:

" 'A party cannot by varying the form of action or adopting a different method of presenting his case escape the operation of the principle that one and the same causes of action shall not be twice litigated. Where either of two remedies is equally available to vindicate the same right, the judgment in an action employing one of them will bar a resort to the other.' [Quoting 2 Freeman on Judgments (5th Ed.), Section 684.]

"It is further the rule that the best and most invariable test as to whether two actions are to be considered as one and the same is to ascertain if the same evidence would sustain both, and, if such be true, the

former judgment is a bar to the subsequent action, although the actions are different in form.''

The Supreme Court has also stated in the case of *Strangward* v. *American Brass Bedstead Co.*, 82 Ohio St., 121, 91 N. E., 988, in the syllabus:

''2. When a matter has been finally determined in an action between the same parties by a competent tribunal, the judgment is conclusive, not only as to what was determined, but also as to every other question which might properly have been litigated in the case.''

We are of the opinion that, in the original action plaintiff's cause of action growing out of an alleged breach of the implied contract was such a question as might have been properly litigated in that case. Whatever the law may be in other states, we are of the opinion that, under the law of Ohio, every element of *res judicata* was present in the record of the former case, which is, by agreement, before us in this case, and we are likewise of the opinion that the judgment in the former case was a judgment upon the merits thereof. See, *Stockstill* v. *Dayton & Michigan Rd. Co.*, 24 Ohio St., 83.

Entertaining these views, the judgment of the trial court will be affirmed.

*Judgment affirmed.*

WASHBURN, P. J., and DOYLE, J., concur.